IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CHARLENE GERMANY** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **U.S. SECURITY ASSOCIATES, INC.** | ) | |
| | ) | |
| **Defendants** | ) | |

# COMPLAINT

Plaintiff, Charlene Germany, files this Complaint against his former employer, Defendant, U.S. Security Associates, Inc. ("U.S. Security), for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and Title VII of the Civil Rights Act of 1964. In addition to failing to pay properly Ms. Germany overtime wages, U.S. Security also impermissibly discriminated against Ms. Germany because of her race.

## I.   Parties, Jurisdiction, and Venue

1.

Plaintiff, Charlene Germany, is a resident and citizen of the State of Georgia and may be served through the undersigned counsel.

2.

Defendant, U.S. Security Associates, Inc., is a Delaware corporation authorized to transact business in the State of Georgia. Defendant's principal place of business is in Fulton County, and it may be served with process through its registered agent, The Corporation Process Company.

3.

Defendant employs in excess of 250 employees nationwide.

4.

The claims contained in this suit arise under federal law and present federal questions; therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

5.

This Court has personal jurisdiction over Defendant because its principal place of business is in Georgia and it is authorized to do business in Georgia..

6.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in Fulton County, which is in this Court's Atlanta Division.

7.

All administrative requirements to filing this suit have been satisfied. Plaintiff filed a charge with the EEOC based upon gender discrimination. The EEOC issued a right to sue letter on or around December 13, 2016.

## II.     Factual Allegations

8.

Defendant provides private security services around the county.

9.

Defendant hired Ms. Germany in or around 2012 as a security guard.

10.

During her tenure, Defendant assigned Ms. Germany to several different locations to provide security-related services.

11.

During her tenure, Ms. Germany received consistent positive reviews and annual evaluations.

12.

During her tenure with Defendants, Ms. Germany primarily worked forty hours per week.

13.

Beginning in or around October 2015, after she was assigned to a new supervisor, Ms. Germany began working approximately forty five hours per week.

14.

Defendant never compensated Ms. Germany for the time she worked in excess of forty hours in a week.

15.

In or around February 2016, Defendant terminated Ms. Germany for a pretextual and factually inaccurate reason.

16.

Defendant terminated Ms. Germany's employment allegedly for violating company policy by bringing a minor child with her during working hours.

17.

Ms. Germany never brought a minor child (or anyone else with her) during her working hours.

18

Ms. Germany is a female.

19.

Ms. Germany's position was filled by a male applicant.

20.

Ms. Germany's employment was terminated because she is a female.

21.

Ms. Germany was disciplined more harshly than similarly situated non-female employees.

22.

Ms. Germany was a non-exempt employee under the Fair Labor Standards Act.

23.

U.S. Security is an employer subject to the Fair Labor Standards Act.

**Count One: Gender Discrimination in Violation of Title VII**

24.

Plaintiff hereby incorporates by reference Paragraphs 1 through 23 of this Complaint as if set forth fully herein.

25.

Defendant unlawfully discriminated against Ms. Germany on account of her gender.

26.

Ms. Germany is a member of a protected class (female).

27.

Ms. Germany suffered an adverse employment action; she was terminated.

28.

Defendant treated similarly situated employees outside of Ms. Germany's protected class more favorably than it treated Ms. Germany.

29.

Defendant's act of discriminating against Ms. German on account of his gender violates Title VII of the Civil Rights Act of 1964.

30.

As a result of Defendant's discrimination on account of Ms. Germany's gender, Plaintiff is entitled to damages, including attorneys' fees.

### **Count Two: Overtime Violations**

31.

Plaintiff hereby incorporates by reference Paragraphs 1 through 30 of this Complaint as if set forth fully herein.

32.

Defendant failed to compensate properly Ms. Germany for overtime hours worked during the relevant period in violation of 29 U.S.C. § 207.

33.

Upon information and belief, Defendant failed to keep all records required

by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Ms. Germany for the time period required by law.

34.

Defendant acted willfully in failing to pay the overtime compensation required by the FLSA to Ms. Germany.

35.

Ms. Germany is entitled to the recovery of his unpaid overtime compensation, an equivalent amount in liquidated damages, and her attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff requests the Court enter the following relief:

A.  Grant Ms. Germany a jury trial;

B.  Award Ms. Germany damages in an amount to be proven at trial for Defendant's willful violation of Title VII of the Civil Rights Act of 1964 in unlawfully discriminating against Ms. Germany on account of her race;

C.  Award Ms. Germany damages, including liquidated damages, in an amount to be proven at trial for Defendant's willful violation of the Fair Labor Standards Act in unlawfully failing to pay her overtime wages;

D.  Award Ms. Germany attorneys' fees and costs in bringing this action; and

E.  Grant all other and further relief as the Court finds just and proper.

Respectfully submitted this 20th day of December, 2016.

s/Logan B. Winkles
Logan B. Winkles
Georgia Bar No. 136906
CANNON, MIHILL & WINKLES, LLC
101 Marietta Street, NW
Suite 3120
Atlanta, Georgia 30303
T: (404) 891-6700
F: (404) 891-6701
lwinkles@cmw-law.com
