**EXHIBIT A**

**CONFIDENTIAL SETTLEMENT AGREEMENT
AND GENERAL RELEASE OF ALL CLAIMS**

This agreement is hereby entered into on March ___, 2017 by and between Charlene Germany ("Plaintiff") and Defendant U.S. Security Associations, Inc. ("USSA" or "Defendant"). Plaintiff asserted various claims against Defendant in connection with her employment with Defendant and the termination of that employment via the case <u>Charlene Germany v. U.S. Security Associates, Inc.</u>, United States District Court for the Northern District of Georgia, Civil Action File No. 1:16-cv-04678, (the "Action").  Plaintiff and Defendant desire to amicably and finally resolve and compromise all issues and claims between them.  In consideration for the mutual promises and undertakings of the parties as set forth below, Plaintiff and Defendant hereby enter into this Confidential Settlement Agreement and General Release of All Claims ("Agreement").

1. <u>Defendant's Consideration:</u> In consideration for the promises made in this Agreement, Defendant agrees to the following:

a. Defendant will pay Plaintiff the sum of Seven Thousand Five Hundred Dollars ($7,500) (the "Settlement Sum").  The Settlement Sum shall be made payable as follows: 1) one check in the amount of four hundred fifty and 00/100 dollars ($450.00) made payable to "Cannon, Mihill & Winkles, LLC"; 2) one check in the amount of five hundred and 00/100 dollars ($500.00) minus applicable taxes and withholdings representing lost wages made payable to "Charlene Germany"; and 3) one check in the amount of six thousand five hundred fifty and 00/100 dollars ($6,550.00) representing compensatory damages made payable to "Charlene Germany."

b. Defendant will cause the Settlement Sum to be delivered to counsel for Plaintiff after Defendant's counsel receives all of the following: (1) this Agreement, executed by Plaintiff; (2) an executed form W-9 for Plaintiff; and (3) an executed form W-9 for Cannon, Mihill & Winkles, LLC.

c. Defendant will issue the Settlement Sum within fifteen (15) business days of the expiration of the seven day revocation period specified in Section 2(c).

d. Defendant hereby releases Plaintiff from any and all claims, rights, demands, actions, obligations, and causes of action of any and every kind, nature, and character, whether known or unknown, which Defendant may now have, or has ever had, against Plaintiff arising from or in any way connected with the relationships among Plaintiff and Defendant, any actions arising during or as a result of their relationship, including but not limited to Plaintiff's employment with Defendant, the termination of that employment, and Plaintiff's Action relating to her employment.

2. <u>Plaintiff's Consideration:</u>  As consideration for the Settlement Sum described in Paragraph 1 above, Plaintiff agrees to the following:

  a. <u>General Release</u>: Plaintiff individually and on behalf of her spouse, domestic partner, heirs, successors, assigns, representatives and attorneys, completely releases and forever discharges Defendant, as well as any of its past or present successors, assigns, heirs, estates, executors, administrators, agents, representatives, predecessors, parents, subsidiaries, affiliates, officers, directors, trustees, board members, managers, joint ventures, shareholders, partners, employees, employees, independent contractors, attorneys, ERISA plan administrators, insurers, and all other persons acting by, through, under or in concert with them (collectively referred to as the "Released Parties") from any and all claims, rights, demands, actions, obligations, and causes of action of any and every kind, nature, and character, whether known or unknown, which Plaintiff may now have, or has ever had, against any and all of the Released Parties arising from or in any way connected with the relationships among Plaintiff and the Released Parties, any actions arising during or as a result of their relationships, including but not limited to Plaintiff's employment with Defendant, the termination of that employment, and Plaintiff's Action relating to her employment.

  b. This release covers any and all statutory, common law, constitutional, and other claims, including but not limited to: claims for unpaid wages, penalties, commissions, bonuses or other compensation; wrongful or constructive discharge claims; claims of discrimination or harassment of any kind; claims of any type of retaliation, including whistleblower retaliation or qui tam claims; claims of failure to accommodate disabilities or religious practices or the failure to engage in the accommodations process in good faith; claims for denial or interference with medical leave, or leave retaliation; claims relating to any contract of employment, express or implied; any claims for misrepresentation or breach of contract and/or breach of the covenant of good faith and fair dealing; tort claims of any nature, including but not limited to, negligence, assault, battery, intentional infliction of emotional distress, fraud, interference with a prospective economic advantage, defamation, invasion of privacy; claims for attorneys' fees, costs, or expenses or interest on any sums allegedly due; claims under any federal, state, county, or municipal statute or ordinance; claims under the Americans with Disabilities Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Civil Rights Act (including without limitation Title VII), the Fair Labor Standards Act, the Rehabilitation Act, or any other law or regulation relating to employment.  Notwithstanding the foregoing, the parties agree that, in signing this Agreement, Plaintiff is *not* releasing any claims arising under Georgia or Federal law for which the law prohibits a release.

  c. <u>Release of ADEA Claims</u>:  In exchange for and in consideration of the payments, benefits, and other commitments described above, Plaintiff hereby fully releases, acquits, and forever discharges the Released Parties from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that Plaintiff may now have, has ever had, or hereafter arising under the Age Discrimination in Employment Act ("ADEA").  Plaintiff agrees to consult with her attorney about this release and waiver before executing this Agreement.  Further, Plaintiff has twenty-one (21) calendar days from her receipt of this Agreement to consider the release and waiver of any and all claims arising under the ADEA, and, for a period of seven (7) calendar days following execution of the Agreement by them.  Plaintiff may revoke this release and waiver in a writing received by counsel for the Defendant on or before the expiration of the seven (7) calendar day period.  This Agreement shall not become effective or enforceable until the seven (7) calendar

day revocation period set forth herein has expired without Plaintiff having exercised her right of revocation (the "Effective Date").  Notice should be sent in writing to the following:  Leslie K. Eason, Gordon & Rees LLP, 3455 Peachtree Road, Suite 1500, Atlanta, Georgia 30326.

    d. Plaintiff, with full understanding of the rights afforded to her under the above laws, and to the fullest extent permitted by law, agrees that she shall not, individually or collectively, file against the Released Parties any additional charge, complaint, or action based on any alleged violation(s) of any of these acts, statutes, regulations, or the common law regarding events that have occurred in connection with or related to the Plaintiff's employment at Defendant, or the cessation of her employment there, or any acts of the Released Parties. Plaintiff hereby waives any right to assert a claim for any relief available under these laws (including, but not limited to, back pay, front pay, attorneys' fees, damages, lost benefits, reinstatement, overtime claims, penalties and/or other injunctive relief) that she might otherwise recover based upon any alleged violation(s) of these acts, statutes, or the common law.

    e. Plaintiff acknowledges that, as of the date of the execution of this Agreement, Plaintiff has been paid all wages undisputedly due and owing in connection with her employment with Defendant.   To the extent Plaintiff has a right of action for any claims that accrued prior to the date Plaintiff signed this release that require the approval of any court or administrative agency to be effectively released, Plaintiff agrees to fully cooperate in obtaining any necessary approval to effectuate such release and that Plaintiff will not oppose any attempt by Defendant to obtain the necessary approval to release such claims.  Plaintiff and her counsel each separately agree that, upon the request of the Defendant, within 10 calendar days, they will each sign a stipulation provided by Defendant stating that (1) all wages undisputedly due to Plaintiff were paid as of the time of separation of Plaintiff's employment with Defendant and that any further wages claimed by Plaintiff are subject to a bona fide dispute as to whether they are owed; (2) that they each believe that the settlement is fair and reasonable for Plaintiff in light of the nature of her claims and the possible defenses to such claims; and (3) that, as of the time this settlement was effectuated, they believe Plaintiff's counsel has been fairly compensated for his efforts in regards to prosecuting the claims that are subject to this release.

    f. Plaintiff and her counsel agree to dismiss, with prejudice, all pending claims they have brought against Defendant, including the Action.  Within five (5) business days of receipt of the Settlement Sum, Plaintiff's counsel will prepare, send to Defendant's counsel for review, and file the document(s) required to execute a dismissal with prejudice of the Action.

   3. <u>Tax Indemnification</u>:  Defendant will issue the necessary tax forms to Plaintiff at the appropriate time to reflect the compensatory damages portion of the Settlement Sum. Plaintiff agrees that any taxes on the Settlement Sum except those reflecting lost wages are her sole responsibility.  Plaintiff agrees to indemnify and defend the Released Parties, for any and all amounts sought by any federal, state, or local taxing authority, or other government body, in connection with, or related to, the compensatory damages portion of the Settlement Sum or its allocation, including back taxes, interest, penalties, and attorneys' fees and costs incurred in defending any proceedings against the Released Parties relating to the Settlement Sum or its tax treatment.

4. <u>No Admission of Liability</u>:  It is understood and agreed that this is a compromise settlement of a disputed claim or claims, and that neither this Agreement itself nor the furnishing of consideration for this Agreement shall be deemed or construed as an admission of liability or wrongdoing of any kind by Defendant, its employees, agents, or any other entity or individual affiliated with Defendant.  Defendant continues to deny any wrongdoing on its part, or the part of its employees or agents.

~~5.   <u>Strict Confidentiality</u>:  Plaintiff and Defendant agree that the terms and conditions of this Agreement are private and extremely confidential.  Plaintiff and her counsel agree that they will not disclose the terms of this Agreement (including without limitation disclosure via publication on any firm websites) except to their financial advisors in order to comply with income tax filing requirements or as otherwise required by law.  Plaintiff may also disclose the amount of the Agreement (but not the Agreement itself) to her spouse or registered domestic partner upon the person's promise to abide by the terms of this confidentiality clause.  Should Plaintiff decide to disclose the settlement amount to her spouse or registered domestic partner, they will agree to be liable, as provided in this clause, for any breaches of this clause by her spouse or registered domestic partner.  The parties also agree that this Agreement maybe be filed with the court in any lawsuit to enforce the Agreement or to defend a claim that is, or appears to be, in violation of this Agreement.  If the Agreement is used in conjunction with such a lawsuit, the parties agree they will file it under seal if it is submitted to the Court (unless the Court refuses to allow such a procedure).  Further, if the Agreement is used in such litigation, the parties agree that they will obtain a protective order to limit the use or dissemination of the Agreement to solely litigation related purposes.  In response to inquiries about the status of the matter from third parties, other than those described in the preceding sentences of this provision, Plaintiff and her counsel may say only that the matter has been resolved to the satisfaction of all concerned and they cannot discuss it further (or words to this effect).  In making such statements, Plaintiff agrees not to reveal, in any way, that she received a monetary settlement.  Should Plaintiff receive any request or demand that she reasonably believes legally requires her to disclose the terms of this Agreement, she shall immediately notify the Defendant of this request or demand.  Such notice shall be provided to Defendant at: Leslie K. Eason, Gordon & Rees LLP, 3455 Peachtree Road, Suite 1500, Atlanta, Georgia 30326.  Defendant may file a civil suit to recover any damages resulting from the breach of the terms of this confidentiality clause and may also sue for injunctive relief for a breach or threatened breach of this clause and shall be entitled to recover its costs and attorneys' fees if it is successful in said action.  Should Plaintiff violate this provision, the parties agree that it would be impracticable or extremely difficult to affix the actual damages caused by any breach of the confidentiality clause and that, Plaintiff shall pay liquidated damages of One Thousand Dollars ($1,000).~~

6. <u>Non-Disparagement</u>:  Plaintiff agrees that she will not make any disparaging, negative, or untrue statements about Defendant, its services, business affairs, workplace, managers, or employees.  Defendant may file a civil suit to recover any damages resulting from the breach of the terms of this non-disparagement clause and may also sue for injunctive relief for a breach or threatened breach of this clause and shall be entitled to recover its costs and attorneys' fees if it is successful in said action.  Should Plaintiff violate this provision, the parties agree that it would be impracticable or extremely difficult to affix the actual damages caused by any breach of the confidentiality clause and that, Plaintiff shall pay liquidated damages of One Thousand Dollars ($1,000.00).

7. <u>Neutral Reference</u>: Plaintiff agrees to direct all prospective employers to Defendant's human resources department, which will provide a neutral reference to all inquiring persons through The Work Number, 1-800-660-3399, Employer Code: 16581, consisting only of confirmation of her dates of employment and last position held.

8. <u>Covenant Not to Sue:</u>  At no time will Plaintiff pursue, or cause, or knowingly permit the prosecution of, in any state, federal, or foreign court, or before any local, state, federal, or foreign administrative agency, or any other type of tribunal, any complaint, charge, claim, or action of any kind, nature, and character whatsoever, known or unknown, which she may now have, has ever had, or may in the future have against the Released Parties, that is based in whole or in part on any claims released by this Agreement.

This Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or any other proceeding that may be instituted or prosecuted by any party in breach of this Agreement.  However, this paragraph does not bar any cause of action or claim based expressly, specifically, or exclusively upon an alleged breach of this Agreement.

9. <u>Non-Encouragement of Claims</u>:  Plaintiff agrees that she will not encourage or solicit any other person or entity to pursue a civil claim or administrative action against the Released Parties.  Further, Plaintiff agrees not cooperate with any other person or entity attempting to file any civil or administrative claim against the Released Parties unless such cooperation is required by law (such as if Plaintiff is subpoenaed to testify).  Nothing stated in this Agreement shall preclude Plaintiff from communicating or cooperating with any government agency.

10. <u>No Assignment</u>:  Plaintiff represents that she has not assigned any part of her claims released in this Agreement to any person or entity, and that she is unaware of any liens on her claims other than those of her attorneys in this matter.

11. <u>Medicare/Medicaid Payments</u>: Plaintiff represents and warrants that no Medicaid payments have been made to or on behalf of Plaintiff and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any Released Claims.  Plaintiff further agrees that Plaintiff, and not the Released Parties, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

Plaintiff agrees to indemnify and hold harmless the Released Parties from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Medicare and/or persons or entities acting on behalf of Medicare, or any other person or entity, arising from or related to this Agreement, the payment of the Settlement Sum, any conditional payments made by Medicare, or any medical expenses or payments arising from or related to any released claim that is subject to this Agreement or the release set forth herein, including but not limited to: (a) all claims and demands for reimbursement of conditional payments or for damages or double damages based upon any failure to reimburse Medicare for conditional payments; (b) all claims and demands for penalties based upon any failure to report, late reporting, or other noncompliance with or

violation of Section 111 of MMSEA that is based in whole or in part upon late, inaccurate, or inadequate information provided to the Released Parties by Plaintiff or Plaintiff's Counsel or upon any failure of Plaintiff or Plaintiff's Counsel to provide information; and (c) all Medicaid liens.  This indemnification obligation includes all damages, double damages, fines, penalties, attorneys' fees, costs, interest, expenses, and judgments incurred by or on behalf of the Released Parties in connection with such claims, demands, subrogated interests, or causes of action.

12. No Reapplication or Reemployment:  Plaintiff agrees not to reapply for employment or temporary placement with Defendant or any affiliated entities at any time.  If Plaintiff inadvertently applies for employment with Defendant or affiliated entities (for example, in response to a "blind" advertisement), she agrees to immediately withdraw her application upon learning the identity of the prospective employer or location of the prospective placement. Plaintiff hereby waives any right to reinstatement or future employment with Defendant or affiliated entities and represent that she will not at any time in the future apply for or accept employment with Defendant or affiliated entities in any capacity.  If Plaintiff seeks employment in violation of this section and is hired to work, Plaintiff agrees that Defendant and affiliated entities shall have a legitimate, non-retaliatory and valid reason to terminate such employment as soon as Defendant learns of the hiring and Plaintiff shall have no recourse (including no lawsuit or administrative claim) in such event.  In addition, if Plaintiff seeks employment in violation of this section and is not hired to work, any failure to hire Plaintiff shall not be grounds for any legal cause of action.

13. Attorneys' Fees and Costs: The parties shall bear their own attorneys' fees and costs related to this lawsuit and the settlement of the lawsuit.

14. Savings Clause:  If for any reason any paragraph, or portion of a paragraph, or any other provision of this Agreement is not enforceable, then any such unenforceable portion shall be deemed severable, and the remainder of this Agreement shall nonetheless remain binding and effective.

15. Complete and Voluntary Agreement:  This Agreement constitutes the entire understanding of the parties on the subjects covered.  Plaintiff expressly warrants that she has read and fully understands this Agreement; that she has been represented by counsel in the negotiation and preparation of this Agreement; that she is not executing this Agreement in reliance on any promises, representations, or inducements other than those contained in this Agreement; and that she is executing this Agreement knowingly and voluntarily, and free of any duress or coercion from any source whatsoever.  This Agreement represents the entire agreement between Plaintiff, on the one hand, and Defendant on the other.  No other agreement, statement, or promise made by Defendant, its managers, employees, agents, representatives, or counsel as to any matter addressed in this Agreement shall be binding or valid.

16. No Oral Modification: This Agreement cannot be orally modified.  Any modification to this Agreement must be in writing, signed by Plaintiff and an authorized representative of Defendant.  Aside from any statements made in this Agreement, Plaintiff represents that she is unaware of any agreement or promise, written or oral, between her and any of the Released Parties that can serve as the basis for any claim or action arising out of the matters released in this Agreement.  To the extent any party waives the enforcement of any provision of this

Agreement, such a waiver will not operate to modify the agreement or preclude enforcement of such provision in future instances absent a written agreement signed by both parties.

17. <u>Interpretation</u>:  This Agreement shall be construed as a whole, according to its fair meaning, and not in favor of or against any party.  By way of example and not in limitation, this Agreement shall not be construed in favor of a party receiving a benefit or against a party responsible for any particular language in this Agreement.  Captions are used for reference purposes only and should be ignored in the interpretation of the Agreement.

18. <u>Governing Law:</u>  This Agreement shall be construed and enforced pursuant to the laws of the State of Georgia, without regard to conflicts of laws provisions.  The parties agree that any action to enforce any term of this Agreement shall be filed in the United States District Court for the Northern District of Georgia.  Accordingly, the parties also agree to submit to the jurisdiction of these courts to enforce any term of this Agreement.

19. <u>Signature in Counterparts:</u>  This Agreement may be executed in counterparts, with each counterpart being and having the same effect as an original, all of which together shall constitute one Agreement.  The signing of a.pdf copy shall have the same force and effect as the signing of an original, and a.pdf signature shall be deemed an original and valid signature.


DATED: _____          _____
                                       CHARLENE GERMANY



DATED: _____          U.S. SECURITY ASSOCIATES, INC.


                                       By: _____

                                           Oni Holley Brown

                                       Its: <u>Assistant General Counsel</u>